(**Official Form 1**) **(12/03)**

| FORM B1 | **United States Bankruptcy Court**<br>**Southern District of New York** | **Voluntary Petition** |
|---|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>**Atkins Nutritionals Holdings II, Inc.** | | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names):<br><br>**N/A** | | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No.<br>(if more than one, state all):<br>**35-2217088** | | Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No.<br>(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**2002 Orville Dr. North, Ste. A**<br>**Ronkonkoma, NY 11779-7661** | | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:<br>**Suffolk County, NY** | | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | | |

### Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
- ☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which**<br>**the Petition is Filed** (Check one box) | |
|---|---|---|---|
| ☐ Individual(s) | ☐ Railroad | ☐ Chapter 7    ☒ Chapter 11    ☐ Chapter 13 | |
| ☒ Corporation | ☐ Stockbroker | ☐ Chapter 9    ☐ Chapter 12 | |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304 - Case ancillary to foreign proceeding | |
| ☐ Other_____ | ☐ Clearing Bank | | |

| **Nature of Debts** (Check one box) | | **Filing Fee** (Check one box) |
|---|---|---|
| ☐ Consumer/Non-Business | ☒ Business | ☒ Full Filing Fee attached |
| **Chapter 11 Small Business** (Check all boxes that apply) | | ☐ Filing Fee to be paid in installments (Applicable to individuals only)<br>Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3. |
| ☐ Debtor is a small business as defined in 11 U.S.C. § 101 | | |
| ☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional) | | |

**Statistical/Administrative Information UNDETERMINED**                                  THIS SPACE IS FOR COURT USE ONLY
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

| Estimated Number of Creditors<br>(consolidated with affiliates) | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

| Estimated Assets (consolidated with affiliates) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to $10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million | |
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | |

| Estimated Debts (consolidated with affiliates) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to $10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million | |
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | |

NY2:\1510790\08\WDQ#08!.DOC\18466.0005

(**Official Form 1) (12/03)** **FORM B1**, Page 2

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Atkins Nutritionals Holdings II, Inc.** |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 6 Years** (If more than one, attach additional sheet) | | |
|---|---|---|
| Location Where Filed: N/A | Case Number: N/A | Date Filed: N/A |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: See Annex 1 attached hereto | Case Number: See Annex 1 attached hereto | Date Filed: Same herewith |
| District: Southern District of New York | Relationship: Affiliates | Judge: Same herewith |

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

**Exhibit A**
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)
☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts)
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
Signature of Attorney for Debtor(s)    Date

**Exhibit C**
Does the debtor own or have possession of any property that poses a threat of imminent and identifiable harm to public health or safety?
☐ Yes, and Exhibit C is attached and made a part of this petition.
☒ No

**Signature of Attorney**

X /s/ Marcia L. Goldstein
Signature of Attorney for Debtor(s)
Marcia L. Goldstein, Esq.
Printed Name of Attorney for Debtor(s)
Weil, Gotshal & Manges LLP
Firm Name
767 Fifth Avenue
Address
New York, New York 10153

(212) 310-8000
Telephone Number
July 31, 2005
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X /s/ Joseph J. Conklin
Signature of Authorized Individual
Joseph Conklin, Esq.
Printed Name of Authorized Individual
Secretary
Title of Authorized Individual
July 31, 2005
Date

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.

NY2:\1510790\08\WDQ#08!.DOC\18466.0005

## Annex 1 to Chapter 11 Petition

On July 31, 2005, each of the affiliated entities listed below (in addition to the debtor in this chapter 11 case) commenced in this court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Contemporaneously with the filing of these petitions, such entities filed a motion requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered.

| Company | Date Filed | District | Case No. | Judge | Relation to Debtor |
|---|---|---|---|---|---|
| Atkins Nutritionals, Inc. | 7/31/05 | Southern District of New York | 05-____(___) | | Affiliate |
| Atkins Nutritionals Holdings, Inc. | 7/31/05 | Southern District of New York | 05-____(___) | | Affiliate |
| Atkins Nutritionals (Canada) Limited | 7/31/05 | Southern District of New York | 05-____(___) | | Affiliate |

# **CERTIFICATE OF RESOLUTIONS**

I, Joseph Conklin, an Officer of Atkins Nutritionals Holdings II, Inc., a Delaware corporation (the "Company"), hereby certify that at a special meeting of the Board of Directors of the Company duly called and held on July 31, 2005, the following resolutions were duly adopted in accordance with the requirements of the Delaware General Corporation Law and that said resolutions have not been modified or rescinded and are still in full force and effect on the date hereof:

>   RESOLVED, that in the judgment of the Board of Directors of the Company, it is desirable and in the best interests of the Company, its creditors, employees, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and it was further

>   RESOLVED, that each of the President, Chief Executive Officer, Chief Financial Officer, or any Vice President, Treasurer, Officer or Secretary, of the Company (each, an "Authorized Officer") is hereby authorized, empowered and directed, in the name and on behalf of the Company, to execute and verify petitions under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York at such time as said officer executing the same shall determine and to commence ancillary or related proceedings in Canada as may be necessary or appropriate to effectuate the restructuring of the Company and to execute, verify, and cause to be filed all documents in furtherance thereof, at such time as said officer executing the same shall determine; and it was further

>   RESOLVED, that the law firm of Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 is hereby employed as attorneys for the Company in the Company's chapter 11 case, subject to bankruptcy court approval; and it was further

>   RESOLVED, that the law firm of Osler, Hoskin & Harcourt, LLP, 1 First Canadian Place, Toronto, Ontario M5X 1B8, Canada is hereby employed as attorneys for the Company in the Company's Canadian proceedings, subject to bankruptcy court approval; and it was further

>   RESOLVED, that the firm of AP Services, LLC, 9 West 57th Street, New York, New York 10019 is hereby employed as restructuring consultants and crisis managers for the Company in the Company's chapter 11 case, subject to bankruptcy court approval; and it was further

RESOLVED, that the firm of Jefferies & Company, Inc., 520 Madison Avenue, New York, New York 10022 is hereby employed as financial advisors for the Company in the Company's chapter 11 case, subject to bankruptcy court approval; and it was further

RESOLVED, that each Authorized Officer is hereby authorized, empowered, and directed to execute and file all schedules, motions, lists, applications, pleadings, and other papers, and, in that connection, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals, and to take and perform any and all further acts and deeds which they deem necessary, proper, or desirable in connection with the Company's chapter 11 case and Canadian proceedings, with a view to the successful prosecution of such case and proceedings; and it was further

RESOLVED, that the appropriate members of the Company are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates, or other documents, and to take such other action, as in the judgment of such member shall be or become necessary, proper, and desirable to effectuate a successful reorganization of the Company's business under chapter 11 of the Bankruptcy Code and in the Canadian proceedings; and it was further

RESOLVED, that (i) the Senior Secured, Superpriority Debtor-in-Possession Credit Agreement (the "Credit Agreement"), substantially in the form presented to the Board, pursuant to which the Company will guarantee the financing to Atkins Nutritionals, Inc. (the "Borrower") provided therein, in the form of revolving loans and letters of credit in an aggregate principal amount not to exceed $25,000,000, is authorized and approved in every respect by the Company, (ii) each transaction effected or to be effected pursuant to the terms and provisions of the Credit Agreement is authorized and approved in every respect as being in the best interest of the Company and (iii) the Company shall enter into the Credit Agreement and consummate the transactions contemplated thereby; and further

RESOLVED, that (i) the Security Agreement, substantially in the form presented to the Board (the "Security Agreement"), pursuant to which, among other things, the Company grants to the agent under the Credit Agreement a first-priority security interest on substantially all of its assets to secure the Company's obligations under the Credit Agreement, is authorized and approved in every respect by the Company, (ii) each transaction effected or to be effected pursuant to the terms and provisions of the Security Agreement is authorized and approved in every respect as being in the best interest of the Company and (iii) the Company shall enter into the Security Agreement and consummate the transactions contemplated thereby; and further

RESOLVED, that (i) each Account Control Agreement, substantially in the form presented to the Board (each an "Account Control Agreement" and collectively the "Account Control Agreements", together with the Credit Agreement and the Security Agreement, the "Agreements"), pursuant to which, among other things, the Company grants control over accounts to the agent as required by the Credit Agreement, is authorized and approved in every respect by the Company, (ii) each transaction effected or to be effected pursuant to the terms and provisions of the Account Control Agreements is authorized and approved in every respect as being in the best interest of the Company and (iii) the Company shall enter into the Account Control Agreements and consummate the transactions contemplated thereby; and further

RESOLVED, that each Authorized Officer is authorized, empowered and directed, in the name and on behalf of the Company to perform such acts and deeds and to negotiate, prepare, execute and deliver the Agreements substantially in the form presented to the Board, with such changes, additions and modifications thereto as such officer or officers of the Company executing the same shall deem necessary or appropriate, the authority therefore to be conclusively evidenced by such officer's execution and delivery thereof; and further

RESOLVED, that each Authorized Officer of the Company is authorized, empowered and directed to take such additional action from time to time and execute, certify, deliver, file and record with the appropriate judicial, public and governmental authorities or any other persons or entities from time to time such additional documents, instruments and agreements, including, without limitation, any amendment, extension, waiver or consent in connection with the Agreements, as any such Authorized Officer may deem appropriate or desirable to implement the provisions of the foregoing resolutions and the Agreements authorized and approved thereby, the execution, certification, delivery, filing and recording of such agreements, documents and instruments and the taking of such action to be the conclusive evidence of the authority therefore granted; and further

RESOLVED, that other appropriate officers of the Company to be designated by the Authorized Officers are authorized to execute, or join in the execution of, agreements, documents and instruments on behalf of the Company, to attest or deliver certificates on behalf of the Company and to take such additional action on behalf of the Company as the Authorized Officers may deem appropriate or desirable, relating to any document that the Authorized Officers have been authorized to execute on behalf of the Company pursuant to the foregoing resolutions; and further

RESOLVED, that, any and all past actions heretofore taken by members of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved.

[Signature page follows]

IN WITNESS WHEREOF, I have hereunto set my hand this 31st day of July, 2005.

/s/ Joseph J. Conklin
Signature

Joseph Conklin, Esq.
Name

Secretary
Title

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
                                                        :
**In re**                                               :    **Chapter 11 Case No.**
                                                        :
**ATKINS NUTRITIONALS HOLDINGS II, INC.,**              :    **05-_____  (___)**
                                                        :
                                                        :
                **Debtor.**                             :
                                                        :
---------------------------------------------------------------------x

## LIST OF CREDITORS HOLDING
## 30 LARGEST UNSECURED CLAIMS

On July 31, 2005, the Debtor and certain of its affiliates commenced chapter 11 cases in this Court. Following is a list of creditors holding the 30 largest unsecured claims against the Debtors, on a consolidated basis, as of July 26, 2005.[1]

Except as set forth below, the list has been prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims.

| Name of Creditor and Complete Mailing Address Including Zip Code | Name, Telephone Number and Complete Mailing Address, Including Zip Code of Employee, Agent, or Department of Creditor Familiar with Claim Who May Be Contacted | Nature of Claim (trade debt, bank loan, government contract, etc.) | Indicate if Claim is contingent, unliquidated, disputed or subject to set-off | Amount of Claim (If secured also state value of security) |
|---|---|---|---|---|

Refer to the list included with the chapter 11 petition of the Debtor's affiliate, Atkins Nutritionals, Inc., filed contemporaneously herewith.

---

[1] The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtor. All claims are subject to customary offsets, rebates, discounts, reconciliations, credits, and adjustments, which are not reflected on this schedule.

**DECLARATION UNDER PENALTY OF PERJURY:**

I, Joseph Conklin, the undersigned authorized officer of Atkins Nutritionals Holdings II, Inc., named as the debtor and debtor-in-possession in this case (the "Debtor"), declare under penalty of perjury that I have read the foregoing list of creditors holding the 30 largest unsecured claims, on a consolidated basis, against the Debtor and its co-debtor affiliates and that it is true and correct to the best of my information and belief as of the date hereof.

Dated: July 31, 2005

/s/ Joseph J. Conklin
Signature

Joseph Conklin, Esq.
Name

Secretary
Title